ASHTON VALVE Co. *v.* COALE MUFFLER & SAFETY-VALVE Co.

(*Circuit Court, D. Maryland.* February 19, 1892.)

1. PATENTS FOR INVENTIONS—INVENTION—PRIOR ART—SAFETY-VALVES.

Letters patent No. 200,119, issued February 12, 1878, to Ashton, for an improvement in safety-valves, in so far as they cover, in claim 1, merely a combination of an under-discharge pop-valve, an inner casing, and an outer casing with a suitable outlet, are void for want of invention, in view of the patents to Ashfield, (No. 97,472, Dec. 7, 1869,) to Prescott, (No. 121,659, Dec. 5, 1871,) to Guels, (No. 195,003, Sept. 11, 1877,) and English patent No. 891, of August 23, 1872, to Giles.

2. SAME—EXTENT OF CLAIM—COMBINATION.

In his specifications Ashton states that, in order to prevent back pressure, he provides the chamber inclosing the spring of his pop-valve with special vent-holes for the steam which finds its way into it, but these vent-holes are not mentioned in any claim, and the claims cover only a combination of his peculiar valve with a spring chamber, and an outer casing, "arranged to operate as described." *Held*, that the vent-holes, if covered at all, are claimed only in combination with the peculiar pop-valve, and there is no infringement in using them with a different form of pop-valve.

3. SAME—ANTICIPATION.

   Letters patent No. 299,503, issued June 3, 1884, to Ashton, for a combination of a muffling chamber surrounding a safety-valve, with a pipe communicating from the spring chamber to the outside air, was anticipated by patent No. 297,066, granted April 15, 1884, to Coale.

4. SAME—SENIOR AND JUNIOR PATENTS—PRESUMPTIONS.

   Where two patents cover practically the same invention, the presumption is in favor of the senior patent, and it requires a clear preponderance of the evidence to show that the junior patentee was in fact the first inventor.

In Equity.   Suit by the Ashton Valve Company against the Coale Muffler & Safety-Valve Company for infringement of a patent.   Bill dismissed.

*James E. Maynadier*, for complainant.

*O'Brien & O'Brien, Hector T. Fenton*, and *Robert J. Fisher*, for defendant.

Before BOND, Circuit Judge, and MORRIS, District Judge.

PER CURIAM.   The complainant asks for an injunction and account, based upon letters patent No. 200,119, dated February 12, 1878, for an improvement in safety-valves, and letters patent No. 299,503, dated June 3, 1884, for a muffler for safety-valves.   The defendant is the manufacturer of a safety-valve and muffler which is alleged to be an infringement.   Complainant's patent, No. 200,119, is for an under-discharge pop-valve surrounded by a chamber or casing which prevents the escape of the steam after it has passed the safety-valve.   There is no suggestion in the patent that the chamber surrounding the valve and preventing the free escape of steam was to be used for any muffling device.   Ashton, the patentee, states in his specification that the main feature of his invention consists of a pop-valve having a chamber into which the steam enters as soon as the valve begins to rise, and causes the valve to open largely and suddenly, in combination with a cylinder into which the valve rises, and a hood or casing to receive the escaping steam, making what he terms "an under-discharge pop-valve."   Ashton's real invention and discovery shown in this patent was his peculiar form of pop-valve.   He states that pop-valves are not new, and that under-discharge valves are not new, but claims that he is the first to combine a pop-valve with an under-discharge device.   His first claim is for the pop-valve in combination with a cylinder and casing, and his second claim is for the peculiar construction of the pop-valve itself, having a huddling chamber with perforations.   It is not contended that the second claim is infringed, and it is the first claim which is in suit.   The combination of a simple under-discharge safety-valve with a cylindrical jacket inclosing the spring, and protecting it from the escaping steam, is shown in patent No. 97,472, December 7, 1869, to Ashfield, and also in patent No. 121,659, December 5, 1871, to Prescott.   The exterior casing confining the escape of the steam, in combination with a simple safety-valve, is shown in No. 195,003, September 11, 1877, to Guels. There could hardly be claimed to be invention in merely substituting the improved pop-valve, which was patented by Richardson in 1866, in any combination in which the simple valve had been used.   In the

English patent to Giles, No. 891, sealed August 23, 1872, for an improvement in safety-valves, there is shown a pop-valve with under-discharge, and with the spring inclosed so as to exclude the steam, making an inner casing; and also with an outer casing to confine the steam, so that the steam passing the valve ascended between the inner and outer casings, and then escaped through perforations in the top or other suitable outlet. These prior patents show that there was no patentable novelty in the combination in complainant's first claim, so far as it claims simply the combination of a pop-valve, an inner casing, and an outer casing with a suitable outlet. The complainant, therefore, is obliged to base its contention for the patentable novelty of this claim of the patent upon something which certainly is not explicitly set out in the claim. When an under-discharge safety-valve has the spring inclosed in a jacket or casing to protect it from the steam, the valve to some extent must work in the jacket as a piston does in a cylinder, and through this working space the confined steam to some extent penetrates, and if it has no outlet thus, to some extent, creates a back-pressure which prevents the valve rising. This back-pressure can be cured by making an opening from the interior of the spring-casing out to the atmosphere. In the specification of complainant's patent it is said:

"Besides the central hole in the cover, n, (through which the upper part of the screw, m, passes,) I provide other holes, in order to give a free outlet to the air in the chamber, c, and to such steam as passes into that chamber while the valve is rising."

This feature of providing a special vent for the spring-chamber is nowhere else mentioned in the specification, and is not spoken of as an invention or discovery. The vent-holes are not mentioned in any claim, but only the combination of his peculiar valve with a spring-chamber, and an outer casing "arranged to operate as described." The patentee, Ashton, states that the main feature of his invention is his form of pop-valve and its under-discharge construction, and it seems quite evident from the language used that he did not consider the venting of the spring-chamber a discovery which he intended to claim in that patent. Ashton did, however, claim it in combination with other elements in a prior patent granted to him. Patent No. 197,073, dated November 13, 1877, granted to Ashton about three weeks before the application for the patent in suit, is for an improvement in apparatus for utilizing the escape-steam from safety-valves on locomotives. In two of the drawings is shown the peculiar form of pop-valve claimed in the patent in suit, and he says:

"Figures 2 and 3 show the details of the construction of the safety-valve, which will form the subject-matter of another application."

In the first claim of that patent he does claim the vented spring-chamber, in combination with a feed-water tank and other elements, but he does not claim it as a separate invention. Whenever, in a spring-chamber, the head of the valve-spindle is carried through the top of the chamber, and works up and down through the hole in the top

of the chamber, as it does in Giles' patent of 1872, and as it does in the Ashton patent in suit, there is necessarily a venting of the chamber. In Ashton's locomotive feed-water device, in No. 181,624, there was need of additional venting on account of the great back-pressure caused by forcing the steam into the water-reservoir of the tender. We are of opinion that in the second claim of complainant's patent, No. 200,-119, the venting of the spring-chamber, if claimed at all, is claimed only in combination with the other elements of the claim, including complainant's peculiar form of pop-valve; and, as defendant does not use complainant's peculiar form of pop-valve there is no infringement.

As to complainant's patent, No. 299,503, for a combination of a muffling chamber surrounding a safety-valve, with a pipe communicating from the spring-chamber to the outside air, if defendant could be held to infringe it, we think it a sufficient answer to cite the Coale patent, No. 297,066, granted April 15, 1884, on application filed January 17, 1884. This muffler patent is prior to complainant's patent, No. 299,503, and defendant's device is made substantially in conformity with it. Complainant has endeavored to carry the date of the invention of Ashton's patent, No. 299,503, back prior to the invention of Coale's, No. 297,066; but the burden is upon the complainant to establish this by a clear preponderance of proof sufficient to overcome the presumption arising from the grant of the prior patent. We do not think the complainant has succeeded in doing so. The testimony as to the dates is purely from memory, unaided by any drawings or models or records which identify the device. In our judgment, the complainant's bill must be dismissed.